UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Inna Pikulenko, <br><br>    Plaintiff <br><br>        v. <br><br> Michael Chertoff, Secretary, <br> U.S. Department of Homeland Security; <br> Emilio Gonzalez, Director, United <br> States Citizenship and Immigration <br> Services; Evelyn Upchurch, <br> Director, Texas Service Center, United States <br> Citizenship and Immigration Services, <br> Mesquite, Texas <br><br>    Defendants | Case No.   07-CV-2915 <br><br> ECF CASE (RJH) <br><br><br> COMPLAINT |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR AN ORDER COMPELLING
ADJUDICATION UNDER THE ADMINISTRATIVE PROCEDURES ACT**

COME NOW Inna Pikulenko, Plaintiff in the above-styled and numbered cause, and for cause of action states the following:

1. This action is brought against the Defendants to compel adjudication on Plaintiff's application for an adjustment of status to that of a lawful permanent resident alien. The application was properly filed with the Defendants and remains within the jurisdiction of the Defendants, who have failed to adjudicate the application within a reasonable period of time.

**PARTIES**

2. Plaintiff Inna Pikulenko is a resident of New York City, New York and is an adult.

3. The Defendant, Michael Chertoff, is the Secretary of the Department Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of

1

Homeland Security and the Department of Justice. 8 USC §1103(a). More specifically, the Secretary of the Department Homeland Security is responsible for the adjudication of immediate relative visa petitions and applications for adjustment of status to permanent residence filed pursuant to the Immigration & Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the authority has in part been delegated, and is subject to the Secretary of the Department Homeland Security's supervision.

4. The Defendant, Emilio Gonzalez, Director is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with supervisory authority over all operations of the USCIS. The Defendant Director is the official under whose supervision and control Plaintiff Pikulenko's Application for Adjustment of Status is to be adjudicated.

5. The Defendant, Evelyn Upchurch, Director of the Texas Service Center, United States Citizenship and Immigration Services, is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with supervisory authority over all operations of the USCIS within the Service Center. 8 CFR §103.1(g)(2)(ii)(B). As will be shown, Defendant Upchurch is the official whose office has been processing Plaintiff Pikulenko's Application to adjust her status to that of a lawful permanent resident alien.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC §1331 and 5 USC §701 *et seq.* as Plaintiff is aggrieved by a failure of an agency to act within a reasonable period of time on her application for adjustment.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where Plaintiff resides and involves no real property.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted her administrative remedies. Plaintiff has made numerous

inquiries concerning the status of her application to no avail and has asked for a decision on the same. Plaintiff has no administrative remedy to compel a decision.

## CAUSE OF ACTION

9. United States Citizenship and Immigration Services granted Plaintiff, a citizen of Belarus, asylum in the United States on August 21, 2003. On October 6, 2004, Plaintiff applied to Defendants through the Nebraska Service Center of USCIS for adjustment of status to that of a permanent resident alien in the United States. Attached as exhibit 1 is a copy of the filing receipt. On or about December 10, 2005, the Nebraska Service Center transferred Plaintiff's application to the Texas Service Center of United States Citizenship and Immigration Services in Mesquite, Texas for processing. Attached as exhibit 2 is the Notice of Transfer. To date, there has been no decision on Plaintiff's application.

10. Defendants periodically have requested additional information from Plaintiff regarding her application. Defendants have asked her on three occasions for her medical exam and biographical form. Exhibits 3, 4 and 5 are the requests. Plaintiff promptly complied and upon receipt of the third request for identical information complained. Attached as exhibit 6 is her letter of complaint. Defendants asked Plaintiff to be fingerprinted. Plaintiff has done so.

11. Through online case status services, Defendants have provided Plaintiff the following processing information about her case:

   A. On July 29, 2005, Defendants told Plaintiff that they received her petition to adjust status on October 6, 2004 and that it is taking between 570 and 600 days to process her type of case. Attached as exhibit 7 is the online notice.

   B. On March 27, 2006, Defendants told Plaintiff that they had received her response to their request for evidence or information. They stated that it is taking between 850 and 900 days to process her type of case. They stated, however, because preliminary processing was complete, the remaining processing time will be less than the maximum stated in the message. Attached as exhibit 8 is the online

notice.

C. On February 3, 2007, Defendants told Plaintiff that they had received on May 15, 2006 her response to their request for evidence or information. They stated that she should expect to receive a written decision or written update within 60 days of the date they received her response unless fingerprint processing or an interview are standard parts of case processing. Plaintiff provided fingerprints on May 30, 2006. Plaintiff does not believe that the interview is a standard part of processing an adjustment from an asylee but, if it is, Defendants have yet to schedule the interview or apprise her of an interview requirement. Attached as exhibit 9 is the online notice.

12. Through face-to-face inquiries of information officers at the District Office of the United States Citizenship and Immigration Services in New York City, Plaintiff has learned the following about the processing of her case:

A. On May 17, 2006, Plaintiff was told at the USCIS office in New York City that the Texas Service Center had all Plaintiff's medical records in its file and that Plaintiff

should have a decision shortly.

B. On October 26, 2006, Plaintiff was told at the USCIS office in New York City that the information officer had no news to report to Plaintiff about the processing of her case but that, in any event, she should sit tight.

Attached as exhibits 10 and 11 are the appointment notices.

13. Plaintiff has requested action on her application through correspondence with Defendants. She has submitted the following letters:

August 1, 2005: letter to Nebraska Service Center

May 10, 2006: letter to Texas Service Center stating that medical records twice had been submitted earlier

October 20, 2006: letters to Texas Service Center asking for the case to be processed

No letter generated any response. Attached as exhibits 12 through 15 are copies of the letters.

14. Defendants have sufficient information to determine Plaintiff's eligibility for adjustment of status pursuant to applicable requirements.

15. Defendants have failed to adjudicate Plaintiff's application within a reasonable time as required by 5 USC § 555(b).

16. Defendants' failure to adjudicate Plaintiff' application within a reasonable time is damaging to Plaintiff:

   (a) Plaintiff wants to become an United States citizen. However, the period for qualifying for U.S. citizenship does not start until Plaintiff obtains lawful permanent residence in the United States;

   (b) Plaintiff's status as an asylee is subject to change in the event of changed country conditions in Belarus;

   (c) Potential lenders and employers have not regarded Plaintiff as a good candidate for long-term loans or for long-term positions as her status as an asylee is subject to change;

   (d) Plaintiff has to obtain travel documents, at a cost, whenever Plaintiff wants to leave the United States and return;

   (e) As an asylee, Plaintiff is subject to renewing her employment authorization documents annually at a cost;

   (f) Defendants' failure to adjudicate Plaintiff's application within the time standards they have set for themselves is stressful to Plaintiff. Not knowing or hearing about the application creates anxiety in Plaintiff;

   (g) Plaintiff has become fearful of changing addresses as she is afraid of missing an essential mailing from Defendants about her application, thereby causing further delay in the adjudication or even outright denial.

**PRAYER**

17. WHEREFORE, Plaintiff prays that the Court enter an order directing Defendants to

adjudicate Plaintiff's application for adjustment forthwith and prays for such other and further relief as may be allowed by law.

Respectfully submitted,


| | | |
|---|---|---|
| /s/:<u>Ruchi Thaker</u><br>Ruchi Thaker<br>Thaker Berowitz LLP<br>225 Broadway, Suite 3001<br>New York, New York 10007<br>Phone: (212) 513-1713<br>Fax: (212) 513-7737<br>rthaker@thakerlaw.com<br>(Local Counsel) | /s/: | <u>Vard Johnson</u><br>Vard R. Johnson, Mass. BBO 660137<br>Suite 210<br>18 Tremont Street<br>Boston, Massachusetts 02108<br>Phone: (617) 557-1711<br>Fax: (617) 557-4711<br>vardinboston@verizon.net |

VERIFICATION

Ruchi Thaker, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am a partner at Thaker Berowitz, LLP, the local attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with, the Plaintiff's counsel, Mr. Vard R. Johnson, who will be appearing *pro hac vice* upon Court's approval of his application.

Dated: New York, New York
April 11, 2007


/s/:    *Ruchi Thaker*
         Ruchi Thaker (RT 4210)