MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR. (FJL:3210)
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.:  (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
INNA PIKULENKO,                                            :

                            Plaintiff,                      :

                                                            :          ANSWER

                          - v. -                            :
                                                                      07 Civ. 2915 (RJH)

MICHAEL CHERTOFF, Secretary, U.S. Department   :
of Homeland Security; EMILIO GONZALES, Director,           FILED ELECTRONICALLY
United States Citizenship and Immigration Services;  :
EVELYN UPCHURCH, Director, Texas Service Center,
United States Citizenship and Immigration Services;  :

                         Defendants.                        :
-------------------------------------------------------------------x

Defendants Michael Chertoff, United States Secretary of Homeland Security; Emilio

Gonzales, Director of United States Citizenship and Immigration Services ("CIS"); and Evelyn

Upchurch, Director of the CIS's Texas Service Center (collectively, "defendants" or "Government"),

by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York,

hereby answer the complaint of plaintiff Inna Pikulenko ("plaintiff" or "Pikulenko"), upon

information and belief, as follows:

1.      Deny the allegations in paragraph 1 that defendants have "failed to adjudicate" any

application submitted by plaintiff to defendants; and neither admit nor deny the remaining allegations

in paragraph 1 because they constitute plaintiff's characterization of this action, prayer for relief,

and/or conclusions of law, to which no response is required.  In further response to the allegations in paragraph 1 of the complaint, defendants aver that: (1) plaintiff submitted an application ("adjustment application" or "Form I-485 application") to the CIS's New York District, seeking a discretionary adjustment of her immigration status to that of a lawful permanent resident of the United States, pursuant to §§ 209(a) and 245(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1159(a) & 1255(a); (2) plaintiff seeks adjustment of immigration status based upon a grant of asylum in the United States, pursuant to INA § 208(a), 8 U.S.C. § 1158(a); (3) Congress, in former INA § 209(b), 8 U.S.C. § 1159(b), limited to 10,000 <u>per</u> <u>annum</u> the number of aliens to whom it may extend discretionary grants of adjustment of status based on those aliens having been granted asylum in the United States, pursuant to INA § 208(a), 8 U.S.C. § 1158(a); (4) the CIS maintains a waiting list of aliens who have been found eligible for grants of asylum based upon their claimed opposition to coercive family-planning laws; (5) applicants on the waiting list are ranked according to the priority of the date on which they were found eligible for asylum; and (6) plaintiff's adjustment application remains pending with the CIS.  In further response to the allegations in paragraph 1, defendants aver that: (1) on May 11, 2005, President Bush signed into law the Real ID Act of 2005, provisions of which amended INA § 209(b), 8 U.S.C. § 1159(b), by eliminating the annual cap on the number of aliens to whom the CIS may extend grants of adjustment based on grants of asylum, <u>see</u> Real ID Act of 2005, Pub. L. No. 109-13, Title I, § 101(g)(1)(A), 119 Stat. 231, 235 (May 11, 2005); and (2) until the enactment of the Real ID Act, plaintiff was not eligible for asylum-based adjustment, because of the relatively low priority of her application on the waiting list compared to earlier-filed applications.

2.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 2.

3.      Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no response is required; except admit that defendant Michael Chertoff is the United States Secretary of Homeland Security, and that the CIS is an agency within the United States Department of Homeland Security; and respectfully refer the Court to the statutes cited in paragraph 3 for accurate statements of their provisions.

4.      Neither admit nor deny the allegations in paragraph 4 because they constitute conclusions of law, to which no response is required; except admit that defendant Emilio Gonzales is the Director of the CIS.

5.      Neither admit nor deny the allegations in paragraph 5 because they constitute conclusions of law, to which no response is required; except deny that Evelyn Upchurch is the Director of the CIS's Texas Service Center; and respectfully refer the Court to the regulation cited in paragraph 5 for an accurate statement of its provisions.

6.      Neither admit nor deny the allegations in paragraph 6 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 6 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 6 is required, defendants deny the allegations.

7.      Neither admit nor deny the allegations in paragraph 7 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 7 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 7 is required, defendants deny the allegations.

- 3 -

8.      Neither admit nor deny the allegations in paragraph 8 because they constitute conclusions of law, to which no response is required.  To the extent that a further response to the allegations in paragraph 8 is required, defendants deny the allegations.

9.      Admit the allegations in paragraph 9; and respectfully refer the Court to the documents referred to in paragraph 9 as Exhibits 1 and 2 (and annexed to the complaint as Exhibits A and B) for true and accurate statements of their contents.

10.      Admit the allegations in paragraph 10; and respectfully refer the Court to the documents referred to in paragraph 10 as Exhibits 3, 4, and 5 (and annexed to the complaint as Exhibits C, D, and E) for true and accurate statements of their contents.

11.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 11; and respectfully refer the Court to the documents referred to in paragraph 11 as Exhibits 7, 8, and 9 (and annexed to the complaint as Exhibits G, H, and I) for true and accurate statements of their contents.

12.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 12; and respectfully refer the Court to the documents referred to in paragraph 11 as Exhibits 10 and 11 (and annexed to the complaint as Exhibits J and K) for true and accurate statements of their contents.

13.      Admit the allegations in paragraph 13; and respectfully refer the Court to the documents referred to in paragraph 13 as Exhibits 12 through 15 (and annexed to the complaint as Exhibits L, M, N, and O) for true and accurate statements of their contents.

- 4 -

14.    Neither admit nor deny the allegations in paragraph 14 because they constitute conclusions of law, to which no response is required.  To the extent that a further response to the allegations in paragraph 14 is required, defendants deny the allegations.

15.    Neither admit nor deny the allegations in paragraph 15 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 15 for an accurate statement of its provisions.  To the extent that a further response to the allegations in paragraph 15 is required, defendants deny the allegations.

16.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 16; except neither admit nor deny the allegations in subparagraphs (a), (b), (d), and (e) of paragraph 16 because they constitute plaintiff's speculations and/or conclusions of law, to which no response is required.

17.    Neither admit nor deny the allegations in paragraph 17 because they constitute plaintiff's prayer for relief and/or conclusions of law, to which no response is required.  To the extent that a further response to the allegations in paragraph 17 is required, defendants deny the allegations.

<u>AS AND FOR A FIRST DEFENSE</u>

The Court lacks jurisdiction over the subject matter of this action.

<u>AS AND FOR A SECOND DEFENSE</u>

Plaintiff's claims are unripe for review.

<u>AS AND FOR A THIRD DEFENSE</u>

Plaintiff has failed to exhaust administrative remedies.

<u>AS AND FOR A FOURTH DEFENSE</u>

The complaint fails to state a claim upon which relief can be granted.

<u>AS AND FOR A FIFTH DEFENSE</u>

Plaintiff has failed to show she is owed a peremptory duty that defendants have refused to perform.

<u>AS AND FOR A SIXTH DEFENSE</u>

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

<u>AS AND FOR A SEVENTH DEFENSE</u>

Because the CIS was formerly constrained to limit to 10,000 <u>per annum</u> the number of aliens to whom the Government may extend discretionary grants of adjustment of status based on those aliens' grants of asylum, plaintiff was not eligible for such adjustment (because of the relatively low priority of her application on the waiting list compared to earlier-filed applications) until the enactment of the Real ID Act.  <u>See</u> <u>Saleh v. Ridge</u>, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005) (dismissing complaint seeking to compel adjudication of asylum-based adjustment application; holding that alien's "request for adjudication [of his adjustment application] disregards entirely the fact that there are 160,000 applications pending aside from his own").

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety and for such other relief as this Court deems proper.

Dated: New York, New York
June 13, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants


By:   /s/_____
F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York  10007
Tel. No.:  (212) 637-2728
(FJL:3210)

TO:   RUCHI THAKER, ESQ.
THAKER & BEROWITZ, LLP
Attorneys for Plaintiff
225 Broadway, Suite 3001
New York, NY  10007